# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DEPRAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-320 |
| | § | |
| MINE SHIELD, LLC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The following are pending before the court:

1. Plaintiff's motion for summary judgment and brief in support (docket entry #27);

2. Defendant's response in opposition to Plaintiff's motion for summary judgment on Defendant's counterclaims and brief in support (docket entry #32); and

3. Plaintiff's reply to Defendant's response in opposition to Plaintiff's motion for summary judgment (docket entry #34).

Having considered the Plaintiff's motion and the briefing in response thereto, the court finds that the motion should be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are largely undisputed and they are as follows:

1. The Defendant contacted the Plaintiff regarding the production of air motors to be used in the Plaintiff's products;

2. Based on specifications contained in various emails that were exchanged between the parties, the Plaintiff produced a prototype air motor for the Defendant to test;

3. After testing, the Defendant ordered 200 motors to be manufactured to the Defendant's specifications, *i.e.* the air motors should be of the same design and

quality as the prototype. The parties agreed that the Plaintiff would deliver 50 air motors per month over a period of four months;

4. The words "Mine Shield" were engraved by laser on the motor housing of each manufactured air motor;

5. The air motors manufactured by the Plaintiff for the Defendant varied from the Plaintiff's standard air motor specifications in that the air motors in question provided a 2-hole mounting flange;

6. The Plaintiff specially manufactured the air motors and delivered them to the Defendant; and

7. The Defendant contended that the production motors failed to conform to the quality and design of the prototype. The Defendant refused to pay for the production motors. The Defendant returned 196 of the production motors. The Plaintiff contends that the production motors conform to the Defendant's specifications.

On April 26, 2012, the Plaintiff filed its original petition for suit on sworn account in the 431st Judicial District Court of Denton County, Texas. On May 25, 2012, the Defendant removed this case to this court. The Defendant subsequently filed an answer and counterclaim. On June 22, 2012, the Plaintiff filed an amended complaint seeking damages for suit on sworn account, breach of contract, quantum meruit, and promissory estoppel. The Defendant filed an amended answer and amended counterclaims on July 6, 2012 asserting the affirmative defenses of fraud, statute of frauds, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, the right to reject the goods, and unclean hands. Additionally, the Defendant asserted counterclaims for fraud, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. The Plaintiff is now moving for summary judgment on the Defendant's counterclaims and affirmative defenses.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

Both parties have a responsibility in the summary judgment process. *Celotex*, 477 U.S. at 323–24. First, the party seeking summary judgment must show that the admissible evidentiary material of record and any affidavits submitted by the nonmoving party are insufficient to permit the nonmoving party to carry its burden of proof. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 248. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Roach v. Allstate Indemnity Co.*, 2012 WL 1478745 (5th Cir. 2012), citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

## DISCUSSION AND ANALYSIS

### A. FRAUD

Under Texas law, a claimant alleging fraud must prove the following: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam). The Plaintiff argues that the Defendant failed to offer summary judgment evidence in support of its counterclaim and affirmative defense of fraud. The court agrees.

The Plaintiff argues that the Defendant has failed to offer summary judgment evidence that the Plaintiff made a representation knowing that it was false or made recklessly without knowledge of its truth. In response, the Defendant argues that the prototype was a representation to the Defendant that the production models would be of the same quality as the prototype. The Defendant argues that the production models were not the same quality as the prototype and, thus, the implied representation was false. Apparently, the production models would not operate at "3BAR air pressure." In their briefs, the parties do not provide an explanation of "3BAR air pressure." The Plaintiff responds, however, that the Defendant does not dispute that the Defendant never requested that the air motors be operational at 3BAR air pressure. Further, the Plaintiff notes that the Defendant did not offer summary judgment evidence that the Plaintiff represented that the prototype would operate at 3BAR air pressure. The Plaintiff offered summary judgment evidence that the operations manual that it sent to the Defendant with the prototype expressly discusses operational

capacity at 6BAR air pressure and air pressure below 6BAR reduces the power output of the motor. Since the Defendant offered no summary judgment evidence that the Plaintiff represented that the prototype would operate at 3BAR air pressure, the Defendant's affirmative defense and counterclaim for fraud fails.[1]

   B.   **WARRANTY CLAIMS**

The Plaintiff argues that the Defendant failed to offer summary judgment evidence in support of its breach of warranty claims. The Plaintiff further contends that the Defendant failed to offer any evidence indicating that the Defendant incurred damages in relation to its breach of warranty claims. Since the court finds that the Defendant failed to offer adequate summary judgment evidence relative to damages with respect to its breach of warranty claims and defenses, the court need not address the remainder of the Plaintiff's arguments.

The Defendant's breach of warranty claims only concern the production motors, not the prototype motor. The Defendant argues that it is seeking the following damages with respect to the production motors: (1) "damages for loss of the savings it would have gleaned had the air motors worked as advertised by the prototype air motor"; and (2) estimated damages of $16,000 to $20,000 associated with the cost of sending agents into underground mines to replace three of the production air motors. The summary judgment evidence offered by the Defendant to the court with respect to damages is an affidavit from Terry Huffman approximating the Defendant's damages. Mr. Huffman's affidavit references a March 6, 2012 letter from Justin Conner (Defendant's quality manager) to the Plaintiff wherein Mr. Conner estimates the Defendant's damages between $16,000

---

[1] The Plaintiff additionally contends that the Defendant's counterclaim and affirmative defense of fraud are barred by the economic loss doctrine. In light of the court's ruling, *supra*., the court need not address this issue.

and $20,000. Additionally, the Defendant contends that on April 18, 2013, the Plaintiff deposed the Defendant's witnesses about damages and the witnesses apparently testified about the damages being sought. The Defendant states that the deposition transcripts were not available at the time it filed its response to the Plaintiff's motion for summary judgment; however, the Defendant never sought leave of court to supplement its summary judgment evidence. Further, the Plaintiff argues that the Defendant never provided a computation of each category of damages with respect to the production motors in its FED. R. CIV. P. 26(a)(1)(A)(iii) disclosures.

At this juncture, the Defendant's damages should be readily calculable and not a mere estimate. The Defendant, however, provided the court with a speculative estimate of its damages, but not evidence of its breach of warranty damages. Without more, the court finds that the Defendant's breach of warranty affirmative defenses and counterclaims must fail.

### C. STATUTE OF FRAUDS

Finally, the Plaintiff moves for summary judgment on the Defendant's statute of frauds affirmative defense. The Defendant wholly failed to respond to the Plaintiff's argument. Accordingly, the court finds that the Defendant waived any arguments regarding its statute of frauds affirmative defense and abandoned the same. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

### CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the Plaintiff's motion for summary judgment (docket entry #27). Summary judgment is granted with respect to the Defendant's statute of frauds affirmative defense. Additionally, summary judgment is granted with respect to the Defendant's counterclaims and affirmative defenses of fraud, breach of express warranty, breach of

implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose.

IT IS SO ORDERED.

**SIGNED this the 3rd day of January, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE